


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 03869

------------------------------------------------------------ X

DEUTSCHE BANK TRUST COMPANY
AMERICAS, solely as Trustee,

                              Plaintiff,

            - against -                     No.

AMERICAN GENERAL LIFE INSURANCE      INTERPLEADER COMPLAINT
COMPANY; SERENGETI OPPORTUNITIES MM
LP; SERENGETI LYCAON MM LP;
DEPOSITORY TRUST COMPANY, as legal owner
or holder of Notes under the Trust Deed dated as of
February 26, 2003 among Northlake CDO I Limited,
as Issuer, Northlake CDO I Corp. as Co-Issuer, and
Deutsche Bank Trust Company Americas, as
Trustee; NORTHLAKE CDO I LIMITED;
NORTHLAKE CDO I CORP.; DOES 1 through
100, owners of beneficial interests in Notes under the
Trust Deed; and DOES 101 through 200, owners of
beneficial interests in Preferred Shares under the
Trust Deed,

                              Defendants.

------------------------------------------------------------ X

        Plaintiff Deutsche Bank Trust Company Americas ("DBTCA"), as Trustee (when in that role, the "Trustee") under a Trust Deed dated as of February 26, 2003 among the Trustee, Northlake CDO I Limited, as Issuer (the "Issuer"), and Northlake CDO I Corp. as Co-Issuer (the "Co-Issuer" and together with the Issuer, the "Co-Issuers"), alleges and states that:

### Background

        1.     Pursuant to the Trust Deed, the Co-Issuers issued certain Notes in multiple Classes that differ among and between Classes with respect to their rights to priority of payment of principal and interest, as well as certain Preferred Shares that differ from the Notes with

respect to their rights. A copy of the Trust Deed, including the annex and schedules that are part of it, is attached as Exhibit A to this Interpleader Complaint. All capitalized terms not otherwise defined in this Interpleader Complaint have the meanings given to them in the Trust Deed.

2. Pursuant to Clause 2.1 of the Trust Deed, the Trustee is a Secured Party for the benefit of the Noteholders under a Security Agreement dated as of February 26, 2003 among the Issuer, the Trustee, and DBTCA as Collateral Agent and as Securities Intermediary. A copy of the Security Agreement, including the schedules that are part of it, is attached as Exhibit B to this Interpleader Complaint.

3. Four Classes of Notes and one issue of Preferred Shares are currently Outstanding under the Trust Deed: the Class I-MM Floating Rate Notes Due 2033 (the "Class I-MM Notes"); the Class I-A Floating Rate Notes Due 2033 (the "Class I-A Notes" and, together with the Class I-MM Notes, the "Class I Notes"); the Class II Floating Rate Notes Due 2038 (the "Class II Notes"); the Class III Floating Rate Notes Due 2038 (the "Class III Notes"), and the Preferred Shares.

### Notices of Event of Default and Acceleration

4. On or about July 14, 2014, the Issuer sent a notice (the "Issuer Notice of Event of Default") in which it notified the Trustee and others that an Event of Default had occurred on June 30, 2014 under Clause 12(iv) of the Terms and Conditions of the Notes because of a failure to maintain an Aggregate Collateral Balance of Collateral Debt Securities and Eligible Investments equal to at least 100% of the Aggregate Outstanding Amount of the Class I Notes. A copy of the Issuer Notice of Event of Default is attached as Exhibit C to this Interpleader Complaint.

5. On or about July 18, 2014, the Trustee sent a notice (the "Trustee Notice of Event of Default") in which it notified the holders of Notes, the holders of Preferred Shares, and others that the Trustee had received a copy of the Issuer Notice of Event of Default. A copy of the Trustee Notice of Event of Default is attached as Exhibit D to this Interpleader Complaint.

6. On or about October 9, 2014, the Trustee sent a notice (the "Notice of Acceleration") in which it notified the Co-Issuers that it was declaring the principal of, and accrued and unpaid interest on, all of the Notes to be immediately due and payable in full (the "Acceleration"). A copy of the Notice of Acceleration is attached as Exhibit E to this Interpleader Complaint.

7. As a result of the Acceleration, all of the outstanding principal of the Notes, together with all accrued and unpaid interest on them, is currently due and payable in full.

8. Absent a direction to liquidate the Collateral, principal and interest proceeds of the Collateral continue to be collected and paid out quarterly on the Payment Dates provided in the Trust Deed.

### The Dispute

9. Upon information and belief, American General Life Insurance Company ("American General") is the beneficial owner of 100% of the Aggregate Outstanding Amount of Class I-MM Notes.

10. Upon information and belief, Serengeti Opportunities MM LP and Serengeti Lycaon MM LP (collectively, "Serengeti") are together the beneficial owners of more than 82% of the Aggregate Outstanding Amount of the Class I-A Notes.

11. A dispute has arisen between Serengeti and American General over the interpretation and application of certain provisions contained in the Security Agreement

concerning the repayment of outstanding principal on the Class I-MM Notes and Class I-A Notes after the occurrence of an Event of Default and Acceleration of the Notes.

12. Serengeti claims that, following an Event of Default and the Acceleration of the Notes, any cash available for payment of principal on the Class I Notes on any Payment Date should be distributed on such Payment Date to redeem the outstanding principal amount of both the Class I-MM Notes and the Class I-A Notes on a *pari passu* basis.

13. Serengeti, through counsel and through its agent and investment adviser, Serengeti Asset Management LP, has put its position in writing in letters dated September 22, 2014, December 1, 2014, December 19, 2014, March 3, 2015, and March 26, 2015. Copies of these letters are attached as Exhibits F, G, H, I, and J to this Interpleader Complaint.

14. American General claims that, following an Event of Default and the Acceleration of the Notes, any cash then available for payment of principal on the Class I Notes on any Payment Date should be distributed on such Payment Date to redeem the outstanding principal amount of Class I-MM Notes, and to redeem the outstanding principal amount of Class I-A Notes only if the entire principal amount of Class I-MM has first been redeemed.

15. American General, through its agent and investment adviser AIG Asset Management (U.S.), LLC, has put its position in writing in a letter of March 4, 2015 to Serengeti. A copy of that letter is attached as Exhibit K to this Interpleader Complaint.

### The Parties

16. DBTCA is a New York banking corporation with its principal place of business at 60 Wall Street, New York, New York 10005.

17. Upon information and belief, American General is a limited liability company organized under the laws of Texas with its principal place of business at 2727A Allen Parkway, Houston, Texas 77019.

18. American General is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it beneficially owns, as of December 8, 2014, $26,485,468.33 in Aggregate Outstanding Amount of Class I-MM Notes.

19. Upon information and belief, Serengeti Opportunities MM LP is a exempt limited partnership organized under the laws of the Cayman Islands with its principal place of business c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, KY1-9005, Grand Cayman, Cayman Islands.

20. Serengeti Opportunities MM LP is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it beneficially owns, as of September 22, 2014, $16,895,987 in Aggregate Outstanding Amount of Class I-A Notes.

21. Upon information and belief, Serengeti Lycaon MM LP is an exempt limited partnership organized under the laws of the Cayman Islands with its principal place of business at Walker House, 87 Mary Street, George Town, KY1-9005, Grand Cayman, Cayman Islands.

22. Serengeti Lycaon MM LP is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it beneficially owns, as of September 22, 2014, $24,010,086 in Aggregate Outstanding Amount of Class I-A Notes.

23. Upon information and belief, Northlake CDO I Limited is a limited liability company organized under the laws of the Cayman Islands with its principal place of

business at Ugland House, South Church Street, George Town, KY1-1104, Grand Cayman, Cayman Islands.

24. Northlake CDO I Limited is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because it is the Issuer of the Notes and, upon information and belief, has a residual interest in the Collateral.

25. Upon information and belief, Northlake CDO I Corp. is a corporation organized under the laws of the Delaware with its principal place of business c/o Puglisi & Associates, 850 Library Avenue, Suite 204, Newark, Delaware 19711.

26. Northlake CDO I Corp. is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because it is the Co-Issuer of the Notes and, upon information and belief, has a residual interest in the Collateral.

27. Upon information and belief, The Depository Trust Company ("DTC") is a limited purpose trust company organized under New York banking law with its principal place of business at 55 Water Street, New York, New York 10041.

28. DTC is sued in this action as a claimant pursuant to 28 U.S.C. § 1335(a) because, upon information and belief, it is the legal owner and registered Holder of record of $174,000,000 in aggregate original principal amount of Class I-MM Notes, $56,000,000 in aggregate original principal amount of Class I-A Notes, $45,000,000 in aggregate original principal amount of Class II Notes, and $14,500,000 in aggregate original principal amount of Class III Notes, which together constitute 100% of the aggregate original principal amount of such Notes.

29. Upon information and belief, DTC, as legal owner and registered Holder of record of Notes, owns and holds such Notes for the ultimate benefit of others.

30. Under Clause 3.5 of the Trust Deed, the Trustee may deem and treat the registered Holder of any definitive Security (including the Notes) as the absolute owner of such for all purposes except as otherwise provided in any Global Security or ordered by a court.

31. Upon information and belief, no Global Security, and no order of any court, provides that the Trustee may not deem DTC the absolute owner of the Notes alleged in paragraph 28 above.

32. Doe Defendants 1 through 100 are beneficial owners of interests in Notes of whose names or true identities as owners of a specific Class or Classes of such Notes the Trustee is ignorant but who upon information and belief, have interests in the Collateral.

33. Doe Defendants 101 through 200 are beneficial owners of Preferred Shares of whose names or true identities the Trustee is ignorant but who, upon information and belief, have interests in the Collateral.

### Jurisdiction, Venue, and Service

34. Subject matter jurisdiction over this action is proper in this Court pursuant to 28 U.S.C. § 1335(a) because the Trust Deed provides for the payment or distribution by the Trustee of money in an amount of $500 or more to which two or more Defendants claim, or may claim, to be entitled, and at least one of such Defendants has citizenship diverse from that of at least one other Defendant.

35. Pending resolution of this dispute, and subject to any order of this Court, the Trustee is not altering the way payments are currently being made in respect of Class I Notes.

36. To assure the availability of any amounts that Serengeti argues should be paid in respect of Class I-A Notes under the Trust Deed, but have not been or are not being so paid pending resolution of this dispute, the Trustee has obtained from American General an

indemnity which provides that American General irrevocably and unconditionally promises to pay the Trustee on demand for any and all judgments or liabilities of any kind which arise out of, relate to, or concern the dispute in this Interpleader Complaint.

37. To further assure the availability of any amounts that Serengeti argues should be paid in respect of Class I-A Notes under the Trust Deed, but have not been or are not being so paid pending resolution of this dispute, the indemnity from American General also provides that if an additional undertaking becomes necessary for the Trustee to maintain this action, American General will promptly provide the Trustee with a bond made payable to the Clerk of the Court in such amount, and with such surety, as this Court may deem proper, conditioned only upon the compliance by the Trustee with the future order or judgment of the Court with respect to the subject matter of these controversies.

38. Personal jurisdiction over Defendants is proper in this Court pursuant to 28 U.S.C. §§ 1335(a) and 2361.

39. If any Defendant is not otherwise subject to jurisdiction and process, such Defendant is subject to the jurisdiction and process of this Court pursuant to 28 U.S.C. § 1655 because this action involves enforcement of a claim to property within this District.

40. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the Defendants resides in this District.

## COUNT I
## INTERPLEADER

41. The Trustee repeats and realleges paragraphs 1 through 40 above as if fully set forth below.

42. According to the differing positions of American General on the one hand, and of Serengeti on the other hand, the Trust Deed provides for the delivery or payment on the

next Payment Date of June 8, 2015 by the Trustee of money in an amount of more than $500 in Principal Proceeds either to American General as the beneficial owner of 100% of the Aggregate Outstanding Amount of Class I-MM Notes, or *pari passu* to American General as the Holder of 100% of the Aggregate Outstanding Amount of Class I-MM Notes and to Serengeti and the other beneficial owners of 100% of the Aggregate Outstanding Amount of Class I-A Notes.

43. The Trustee has no interest as a claimant in the respective rights of parties under the Trust Deed that differ depending on whether or not Principal Proceeds are to be distributed solely to redeem the outstanding principal amount of Class I-MM Notes before the outstanding principal amount of Class I-A Notes, or to redeem on a *pari passu* basis the outstanding principal amount of both Class I-MM and Class I-A Notes.

44. The Trustee has no interest as a claimant in the Collateral or in any funds that may be at issue in this interpleader action except to the extent of administrative expenses of the Trustee under the Trust Deed and (if different) the reasonable fees, costs, and disbursements (including attorneys' fees, costs, and disbursements) with respect to the dispute that is the subject matter of this action.

45. The Trustee seeks to have the interested parties interplead their respective rights so that this Court may direct the Trustee as to the proper disposition of the relevant funds and rights under the Trust Deed.

WHEREFORE, the Trustee asks this Court:

A    To order Defendants, with respect to their respective rights on the issue of the distribution of any cash available for payment of outstanding principal on the Class I Notes following an Event of Default and Acceleration of the Notes, to interplead and to settle all claims

between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such matters;

    B. To order the Trustee, pending resolution of this dispute, to make distributions to Holders of the Class I Notes in the same order previously made by the Trustee, unless otherwise ordered by the Court to segregate, and not to distribute or pay to Holders of Class I-MM Notes those amounts that would be payable in respect of the Class I-A Notes if any cash available for payment of outstanding principal on the Class I Notes were to be distributed to redeem the outstanding principal amounts of both Class I-MM and Class I-A Notes on a *pari passu* basis;

    C. To order that the Trustee not be required to post any bond pursuant to 28 U.S.C. § 1335(a)(2) so long as the Trustee has, as surety for the amounts at issue, an indemnity substantially in the form described in paragraph 36 above;

    D. To order the Trustee, to the extent that it does not continue to have an indemnity substantially in the form described in paragraph 36 above, or to the extent that such an indemnity is not satisfactory to the Court, either to provide a bond satisfactory to the Court pursuant to 28 U.S.C. § 1335(a)(2), or to segregate and withhold from distribution all amounts that would be payable in respect of Class I-A Notes if any cash then available for payment of principal on the Class I Notes were to be distributed to redeem the outstanding principal amounts of both Class I-MM and Class I-A Notes on a *pari passu* basis and, if such withholding is ordered, either to maintain such withheld amounts separately on its books and make no distribution of such amounts pending further order of the Court, or to deposit such amounts with the Clerk of Court on each Payment Date;

E. To order the Trustee, upon final judgment determining the respective rights and interests of the Defendants and all other interested persons, to give or not give effect to such rights, and pay or distribute amounts with respect to such rights, including as necessary any amounts from the indemnity described in paragraph 36 above, or (in consultation with the Clerk of the Court) any amounts from any bond described in paragraph 37 above ordered by the Court, or any amounts segregated on the books of the Trustee or held by the Clerk of the Court, all as directed by the Court;

F. To award the Trustee its reasonable fees, costs, and disbursements (including attorneys' fees, costs, and disbursements) with respect to this action and the dispute between the Holders of the Class I-MM Notes and the Holders of the Class I-A Notes;

G. To discharge the Trustee from liability, conditioned upon its continued compliance with the orders and judgment of the Court as described above with respect to the subject matter of this controversy; and

H. To enjoin Defendants and all claiming through or acting with them, or claiming any rights under the Trust Deed, from commencing or prosecuting any separate litigation concerning or relating to the issues in this action, both pending final judgment and after final judgment.

Dated: May 19, 2015

NIXON PEABODY LLP

By: _____
Christopher M. Mason

437 Madison Avenue
New York, New York 10022
Telephone: 212-940-3000
Facsimile: 866-947-2229
cmason@nixonpeabody.com

Attorneys for Plaintiff Deutsche Bank Trust Company Americas, solely acting in its capacity as Trustee